WILSON, Circuit Judge,
dissenting:
This case was remanded back to us from the Supreme Court so that we may assess, in light of Johnson v. Williams, 568 U.S. -, 133 S.Ct. 1088, 185 L.Ed.2d 105 (2013), whether Childers rebutted the presumption that the Florida District Court of Appeal (DCA) reached the merits of his Sixth Amendment confrontation claim. Under Johnson, “if, ...' in at least some circumstances the state standard is less protective [than the federal standard,] ... [i]n such circumstances, the presumption that the federal claim was adjudicated on the merits may be rebutted.... ” Id. at 1096. “The presumption may be overcome when there is reason to think some other explanation for the state court’s decision is more likely.” Harrington v. Richter, 562 U.S.-, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011). Here, the presumption is rebutted because Florida Rule of Evidence 403, the state standard discussed by the DCA, is “less protective” than the Sixth Amendment’s Confrontation Clause. See Fla. Stat. § 90.403. There are also reasons to think that “some other explanation for the [DCA’s] decision [was] more likely” than adjudication of Childers’s Sixth Amendment claim on the merits. Harrington, 562 U.S, at -, 131 S.Ct. at 785.
As the majority concedes, the DCA affirmed Childers’s convictions “without expressly addressing Childers’s claim that the trial court’s ruling infringed his Sixth Amendment right of confrontation.” Majority Op. at 1334. As I previously stated, the DCA did not address Childers’s Sixth Amendment claim when it exclusively discussed Florida’s substantive evidentiary rule. See Childers v. Floyd, 642 F.3d 953, 983-989 (11th Cir.2011) (en banc) (Wilson, J., concurring), cert. granted, judgment vacated, — U.S. —-, 133 S.Ct. 1452, 185 L.Ed.2d 358 (2013). His Sixth Amendment rights could be violated even if his cross-examination of Willie Junior was properly limited under Rule 403. Our per curiam opinion seems to suggest that Rule 403 and the Sixth Amendment right of confrontation go hand in hand with one another — if there is no Rule 403 violation, then it follows that there is no Sixth *1336 Amendment constitutional violation either. I cannot subscribe to that view.
Rule 403 calls on the trial judge to determine whether the probative value of evidence sought to be introduced is substantially outweighed by the danger of unfair prejudice. That is an entirely different — and narrower — question than determining whether an accused has been denied the right to confront a witness testifying against him through the demonstration of that witness’s bias, prejudice, or ulterior motive. See Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974). Confrontation rights are violated when the trial court “eut[s] off all questioning about an event that ... had taken place and that a jury might reasonably have found” biased the witness. Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986).
The DCA does not even mention the words “Sixth Amendment” or “confrontation” in its opinion. Its opinion is confined exclusively to determining whether there was a violation of a Florida substantive evidentiary rule. The tests are not the same, and our per curiam opinion is unable to cite any authority to support the proposition that such a constitutional analysis can be subsumed, by implication, within the resolution of a state substantive evi-dentiary rule. Beyond failing to mention the more protective federal claim while extensively analyzing a less protective state claim, “there is [one additional] reason to think some other explanation for the state court’s decision is more likely” than an adjudication of Childers’s Sixth Amendment claim on the merits. Harrington, 562 U.S. at-, 131 S.Ct. at 785. Determinations under Rule 403 are reviewed for abuse of discretion, see McWatters v. State, 36 So.3d 613, 636 (Fla.2010) (per curiam) (“A court’s ruling on the relevancy of evidence is reviewed for an abuse of discretion.”), while determinations under the Confrontation Clause are reviewed de novo, see id. at 637 (“In considering a trial court’s ruling on admissibility of evidence over an objection based on the Confrontation Clause, our standard of review is de novo.” (internal quotation marks omitted)). The DCA reviewed the trial court’s decision for abuse of discretion oply, see Childers v. State, 936 So.2d 585, 592 (Fla.Dist.Ct.App.2006) (en banc) (per curiam), showing that it only analyzed the less protective state court claim.
The majority believes it to be clear that Childers’s Confrontation Clause claim was not “inadvertently overlooked” by the DCA. I disagree. In reviewing a criminal conviction, if an appellate court is going to limit its analysis to one of several distinct as the DCA did here, the court would choose the most protective claim with the least deferential standard of review — unless the more protective claim was overlooked. Given these circumstances, Johnson’s presumption that the claim was adjudicated on the merits has been rebutted.
I dissent because I believe that we are obligated to decide Childers’s Sixth Amendment confrontation claim on the merits. As I previously indicated, however, I am not inclined to conclude ultimately that Childers’s Sixth Amendment rights were violated by the limitations placed on his counsel during his cross-examination of Willie Junior.